SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.:

---

CHARRISSE MITCHELL,

                Plaintiff(s),

Plaintiff designates
COUNTY OF KINGS
As the place of trial
The basis of the venue is
PLAINTIFF'S residence

against

**SUMMONS**

Plaintiff's residence is
903 Drew Street
County of KINGS

DOLLAR TREE STORES, INC. and
GRANVILLE PAYNE RETAIL LLC,

                Defendant(s).

---

To the above-named defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney(s) within 20 days after the service of this summons, excluded of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer a judgment will be taken against you by default for the relief demanded in the complaint.

Date: June 5, 2020

                *Mark J. Linder*
                Mark J. Linder, Esq.
                **HARMON, LINDER & ROGOWSKY**
                Attorneys for Plaintiff(s)
                3 Park Avenue, Suite 2300
                New York, NY 10016

<u>Defendants' address:</u>

| | |
|---|---|
| DOLLAR TREE STORES, INC. | GRANVILLE PAYNE RETAIL LLC |
| c/o Corporation Service Company | 15 Verbena Avenue, Suite 200 |
| 80 State Street | Floral Park, NY 11001 |
| Albany, NY 12207 | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x
CHARRISSE MITCHELL,

             **Plaintiff,**

 -against-           **VERIFIED COMPLAINT**
               **Index No.:**

**DOLLAR TREE STORES, INC. and**
**GRANVILLE PAYNE RETAIL LLC,**

             **Defendants.**
-------------------------------------------------------------------------x

 Plaintiff complaining of the defendants herein, by her attorneys HARMON, LINDER & ROGOWSKY, respectfully sets forth and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

1. That at the time of the commencement of this action plaintiff was a resident of the County of Kings and State of New York.

2. That defendant DOLLAR TREE STORES, INC. was and still is a foreign business corporation organized in Virginia and existing under and by virtue of the laws of the State of New York; said defendant is conducting business in the State of New York.

3. That defendant GRANVILLE PAYNE RETAIL LLC was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York; said defendant is conducting business in the State of New York.

4. That the location of the plaintiff's accident giving rise to this action was near the bathroom hallway inside the Dollar Tree store on and upon the lands and premises located at 344 Pennsylvania Avenue, in the County of KINGS and State of New York.

5. That on October 1, 2019 at approximately 5:00 pm while the plaintiff herein was lawfully walking at said location when the plaintiff was caused to slip and fall due to

dangerous condition(s) including but not limited to: (1) defective floors; (2) water, slippery substances and/or foreign substances/debris on the floor; (3) absence of non-slip floor matting; (4) flooring materials that became excessively slippery when wet/substance covered; (5) presence of excessive wax and/or floor sealant; (6) flooring materials that were potholed, sunken, uneven, broken, cracked, dilapidated, etc. and/or (7) inadequate illumination and thereby sustaining severe injuries as hereinafter set forth, due to the negligence of the defendants herein.

6. The defendants, at all relevant times, and for many days and weeks prior thereto, caused, created, allowed and/or permitted the floors of said location to remain in a dangerous condition.

7. The defendants knew or should have known of said dangerous conditions and should have taken action to correct said conditions.

8. The defendants, at the time of the accident, negligently caused, created, allowed and/or permitted the floor to remain in said dangerous condition and failed to correct the condition. The defendants had actual and constructive notice of the condition on the day of the accident.

9. That defendant DOLLAR TREE STORES, INC. owned or leased said location.

10. That defendant DOLLAR TREE STORES, INC. operated said location.

11. That defendant DOLLAR TREE STORES, INC. managed said location.

12. That defendant DOLLAR TREE STORES, INC. maintained said location.

13. That defendant DOLLAR TREE STORES, INC. controlled said location.

14. That defendant DOLLAR TREE STORES, INC. through its acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and/or controlled said location.

15. That defendant DOLLAR TREE STORES, INC. through its acts and/or omissions negligently, carelessly, inadequately and/or improperly cleaned/repaired/inspected and/or failed to clean/repair/inspect said location.

16. That defendant GRANVILLE PAYNE RETAIL LLC owned or leased said location.

17. That defendant GRANVILLE PAYNE RETAIL LLC operated said location.

18. That defendant GRANVILLE PAYNE RETAIL LLC managed said location.

19. That defendant GRANVILLE PAYNE RETAIL LLC maintained said location.

20. That defendant GRANVILLE PAYNE RETAIL LLC controlled said location.

21. That defendant GRANVILLE PAYNE RETAIL LLC through its acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and/or controlled said location.

22. That defendant GRANVILLE PAYNE RETAIL LLC through its acts and/or omissions negligently, carelessly, inadequately and/or improperly cleaned/repaired/inspected and/or failed to clean/repair/inspect said location.

23. That the defendants were at all times under a duty to keep said location in a safe, proper and secured manner to prevent injury to the plaintiff and others, in a condition free from dangerous conditions.

24. That defendants, their agents, servants and/or employees thorough their acts and/or omissions were careless and negligent in the ownership, operation and control of said location; in causing, allowing and/or permitting said location to become and remain in dangerous condition, unmaintained, negligent, improper and/or unsafe condition; in failing to make proper, adequate, timely and necessary repairs; in causing, allowing and/or permitting said location to be and remain in a hazardous condition; in failing to make proper, timely and adequate inspection thereof; in failing to maintain the aforesaid

premises in a proper manner; in the negligent and dangerous design, installation, maintenance and management of the aforesaid area; in failing to set up proper safeguards and/or barriers; in failing to warn persons lawfully traversing the area of the aforesaid dangerous and hazardous condition; in failing to have sufficient and adequate manpower; in failing to protect invitee of said area; in creating a nuisance or trap; in failing to provide and/or use proper equipment; in failing to correct a reoccurring dangerous condition; and in otherwise failing to use due care, caution and prudence on the premises.

25. That as a result of the foregoing, the plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

26. That this occurrence and the injuries sustained by the plaintiff were caused by the negligence of defendants, without any negligence on the part of the plaintiff contributing there to.

27. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

28. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "28", as if the same were fully hereinafter set forth at length.

30. That the defendants' conduct as earlier described was negligent and careless in *inter alia*:

 (a) Failing to take proper precautions for the safety and wellbeing of the plaintiff,

 (b) That the defendants were negligent in the hiring, screening, training, and supervising of its employees, agents, contractors, etc.,

 (c) Failing to adopt appropriate procedures for the protection of invitees including the plaintiff,

 (d) Negligence at law.

31. That the defendants should have known that its failure in such regards would cause harm.

32. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

 **WHEREFORE**, plaintiff demands judgment against the defendants on the First and Second Causes of Action together with interest and the costs and disbursements of this action.

Dated: New York, New York
   June 5, 2020

       *Mark J. Linder*
       Mark J. Linder, Esq.
       **HARMON, LINDER & ROGOWSKY**
       Attorneys for Plaintiff
       3 Park Avenue, 23rd Floor, Suite 2300
       New York, NY 10016
       ACD

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for the plaintiff.

I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions held with the plaintiff(s) and papers and/or documents in the file.

The reason I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated:   New York, NY
         June 5, 2020

*Mark J. Linder*

_____
Mark J. Linder, Esq.

Index No.:                                            Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------------------

CHARRISSE MITCHELL,

                                                                                                       Plaintiff(s),

                -against-

DOLLAR TREE STORES, INC. and
GRANVILLE PAYNE RETAIL LLC,

                                                                             Defendant(s).
--------------------------------------------------------------------------------

## VERIFIED SUMMONS AND COMPLAINT
--------------------------------------------------------------------------------

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462

--------------------------------------------------------------------------------
To:
Attorney(s) for
--------------------------------------------------------------------------------
Service of a Copy of the within                          is hereby admitted.

Dated:                                            ------------------------
                                                           Attorneys for
--------------------------------------------------------------------------------

PLEASE TAKE NOTICE:

_____
NOTICE OF        That the within is a (certified) true copy of a
ENTRY               entered in the office of the clerk of the within named Court on           20____

_____
NOTICE OF        that an Order of which the within is a true copy will be presented for settlement to the
SETTLEMENT    Hon.             one of the Judges of the within named Court, on
                            20____, at        M.
Dated:

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462